# KURZMAN EIS

ONE NORTH BROADWAY, 12TH FLOOR
WHITE PLAINS, NEW YORK 10601
TEL: (914) 285-9800
FAX: (914) 285-9855

<u>Via CM/ECF</u>

Honorable Philip M. Halpern, U.S.
The Hon. Charles L. Brieant Jr.
Federal Building and United States
300 Quarropas St.
White Plains, NY 10601-4150

> Counsel for PHI shall have the full 7 hours to depose non-party William Brenner. Thereafter, at tomorrow's session or another mutually agreed-upon date and time, counsel for Sellers shall have the opportunity to cross-examine Mr. Brenner on the topics raised during his deposition. Sellers' request for the sharing of exhibits between all parties prior to Mr. Brenner's deposition is denied.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 97.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        September 30, 2021

Re: 1) Campbell v. Plant Health Intermediate, Inc.
    Case No.: 19-cv-03017 (PMH) ("Action No. 1")

2) Plant Health Intermediate, Inc. v. Campbell, et al.
    Case No.: 7:20-cv-07249(PMH) ("Action No. 2")

Dear Judge Halpern:

We represent Plaintiff/Counter Defendant Nicole Campbell ("Nicole") in Action No. 1 and defendants Rupert Campbell ("Rupert") and Clare Reinbergen ("Clare" and together with Rupert and Nicole, the "Sellers") in Action No. 2 (Action No. 1 and Action No. 2, together referred to as the "Consolidated Action"). We write jointly with counsel for Plant Health Intermediate, Inc. ("PHI") and counsel for non-party William Brenner ("Brenner") to address a discovery dispute concerning: 1) the amount and allocation of time for each party to question Brenner at his remote deposition; and 2) the sharing of exhibits between all parties prior to the commencement of the remote deposition. The parties respectfully request that the Court hold a telephone conference to rule on these issues prior to Brenner's deposition, which is scheduled for this Friday, October 1, 2021.

In August 2021, counsel for PHI served a subpoena under Rule 45 of the Federal Rules of Civil Procedure ("FRCP") to take Brenner's deposition. Over the past several weeks, counsel for all parties involved have conferred and agreed that Brenner's deposition would take place on

Hon. Philip M. Halpern, U.S.D.J.
September 29, 2021
Page 2

October 1, 2021. In conjunction with Brenner's deposition, over the past several days, counsel for all parties involved have met telephonically and conferred on the protocol for Brenner's deposition. More specifically, Sellers provided several comments at the end of last week on the proposed protocol for the Brenner deposition and proposed that an allocation of time be given for Sellers to examine Brenner and that the parties provide all counsel and the court reporter with the exhibits they intend to mark at the deposition prior to the deposition. On Monday, counsel for Sellers and local counsel for PHI, Joseph Wodarski, conferred telephonically for approximately, ten (10) minutes concerning Sellers' request for an allocation of time. In addition, yesterday, the same parties, along with Kevin Harrington, counsel for Brenner, conferred for approximately twenty (20) minutes telephonically, and Sellers reiterated their request that they be provided an allocation of time to question Brenner at his deposition. Mr. Wodarski advised us that PHI is unwilling to agree to any allocation of time to Sellers. Today, counsel for Sellers and Mr. Wodarski conferred for approximately five (5) minutes telephonically concerning the sharing of exhibits prior to the deposition. Mr. Wodarski indicated that PHI is unwilling to exchange exhibits ahead of the deposition.

Thus, the parties have agreed on all issues except whether counsel for PHI is entitled to the entirety of the time allotted for a deposition under Rule 30(d)(1), i.e., "1 day of 7 hours," because they served the subpoena upon Brenner, and whether exhibits should be exchanged prior to Brenner's remote deposition. Below are the parties' respective positions.

Sellers' position: Sellers allege in Action No. 1 that Brenner was the accountant directed to make the required First Earn-out Calculation under the Equity Purchase Agreement between, among others, Sellers and PHI. As parties to the Consolidated Action, Sellers believe they are entitled to a portion of the time allotted for a deposition under Rule 30(d)(1). Counsel for PHI,

Hon. Philip M. Halpern, U.S.D.J.
September 29, 2021
Page 3

however, refuses to consider any proposal where PHI and Sellers are given a set amount of time to depose Brenner and, instead, believe that Sellers should separately issue a Rule 45 subpoena and require Brenner to sit for an additional day of deposition testimony if counsel for Sellers want to question Brenner. Sellers do not believe that the issuance of a subpoena will resolve the issue because Rule 30(d)(1) does not appear to provide additional time merely because a different party issued the subpoena. As such, it appears that Brenner would only be required to sit for "1 day of 7 hours" unless the Court issues an order allowing additional time. To be clear, Sellers do not need an additional seven hours to depose Brenner. Rather, Sellers want a fair opportunity to question Brenner at the scheduled deposition with an agreement in advance as to the time allocated to each of Sellers and PHI.

Furthermore, given that the parties are appearing for Brenner's deposition remotely, Sellers requested that each side exchange exhibits prior to the deposition. Again, PHI has refused to agree to this. The exchange of exhibits prior to the remote deposition allows all parties and the court reporter to have the exhibits readily available at the remote deposition and allows for great efficiency in the remote deposition process.

PHI's position: On behalf of defendant/counter claimant Plant Health Intermediate, Inc. (Buyer), we submit this in response to plaintiff's position. We originally subpoenaed William Brenner for a non-party deposition in January 2021. By mutual agreement amongst Mr. Brenner's attorney, Kevin Harrington, and counsel for plaintiff, the deposition did not take place at that time. We later successfully subpoenaed Mr. Brenner to appear in person for a deposition on September 1, 2021. A copy of the subpoena was then simultaneously sent to plaintiff's counsel and Mr. Harrington. After conferring among the parties and Mr. Brenner's counsel, Buyer's counsel agreed

Hon. Philip M. Halpern, U.S.D.J.
September 29, 2021
Page 4

to move the date for Mr. Brenner's deposition to September 6, then again by mutual agreement to October 1, 2021.

The court should note that Mr. Brenner served as an accountant for plaintiff and the other sellers for several years prior to the transaction at issue in this case, and the Buyer understands that Mr. Brenner continued to provide services to plaintiff and other sellers after the transaction.

Mr. Harrington advised that due to concerns arising from COVID, Mr. Brenner wished to appear remotely through electronic means. Although it was not the Buyer's preference, we agreed to this manner of deposition and later circulated a proposed stipulated protocol governing the remote examination consistent with FRCP 30(b)(4). A copy of Plant Health's proposed remote deposition protocol is attached hereto and made a part hereof. Last week, plaintiff's counsel returned the protocol with proposed edits that would apportion time limits for each side to question the witness. Plaintiff's counsel has not advised how much time he thinks he would need ~~to~~ in order to examine Mr. Brenner but wants Plant Health to advise him how much time defendant will need. All parties agree that generally a seven-hour time limitation applies to this witness. *See* FRCP 30(d)(1).

We advised plaintiff's counsel that he has remedies under FRCP Rule 30 if he believes that additional time is needed for a fair and full examination of the witness. Defendants are unwilling to arbitrarily and unilaterally agree to limit the time for their examination before it takes place because the length of the deposition is controlled, in part, by the witness and other counsel and given the scope of the expected examination Plant Health expects to use the majority of the allotted time for its questions. As we are unaware of any rule guaranteeing each side a percentage of time for a non-party deposition, and because plaintiff has not proposed any amount of time it believes it will need for its questions and because plaintiff will have remedies if he

Hon. Philip M. Halpern, U.S.D.J.
September 29, 2021
Page 5

feels that he needs additional time for this witness, we believe that the court should not impose specific time allotments for the parties to question Mr. Brenner.

With respect to deposition exhibits, the defendant's proposed protocol provides that documents be published by screen sharing to the witness and the parties with an e-mail copy to counsel at the time introduced during the deposition which replicates the manner an exhibit is presented in a live deposition. This method is consistent with how counsel has conducted other remote depositions during the pandemic. The remote deposition protocol is also consistent with the published form protocol by Magistrate Judge Cave. A copy of Judge Cave's protocol is attached. Of the options for presentation of exhibits in Judge Cave's protocol, none requires advance disclosure of exhibits. And, in Judge Cave's protocol, the counsel taking the deposition has the choice of which option will be used in a given deposition. The option chosen by Plant Health also reflects that as preparation continues, the choice of exhibits remains in flux, and a final determination of which exhibits to use will be a "game time" decision. This provides for maximum flexibility and avoids and trap for deciding late to use an exhibit that was not submitted in advance. Plaintiff's counsel has pointed to no rule requiring advance notice of deposition exhibits, and Plant Health aware of none. Plant Health believes its proposal is fair, reasonable and provides the closest proxy to an in-person examination.

Brenner's position: Brenner is a non-party, and as such he has no position and takes no position on the substantive matters in dispute in this litigation. However, Brenner does not want to be asked to sit for more than the presumed period of seven (7) hours, unless truly necessary, certainly not within the span of one day. Brenner also has an extremely busy work schedule through October 15th, working 7 days per week; and then has a one week out of town vacation

Hon. Philip M. Halpern, U.S.D.J.
September 29, 2021
Page 6

scheduled immediately thereafter.   We ask that these circumstances please be taken into account in any resolution of this situation which is reached by the Court.

    We thank Your Honor for your time and consideration.

Respectfully,<br>
*Fred D. Weinstein*<br>
Fred D. Weinstein

cc:    John Power, Esq. (via CM/ECF)
       Joseph P. Wodarski, Esq. (via CM/ECF)
       Kevin Harrington, Esq. (via email)