# KURZMAN EISENBERG

ATTORNEYS

ONE NORTH BROADWAY, 12TH FLOOR
WHITE PLAINS, NEW YORK 10601
TEL: (914) 285-9800
FAX: (914) 285-9855

> Plaintiff's application is denied without prejudice due to Plaintiff's failure to comply with the Court's Individual Practices Rule 4.D., which requires a joint letter from all counsel.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 1, 2021

Via CM/ECF

Honorable Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    Discovery in Campbell v. Plant Health Intermediate, Inc.
               Case No.: 19-cv-03017 (PMH)

Dear Judge Halpern:

We represent Plaintiff/Counter Defendant Nicole Campbell ("Nicole") in the above-referenced action. We write to address a discovery dispute concerning Plant Health Intermediate, Inc.'s ("PHI") assertions of privilege made in response to a subpoena (the "Subpoena") directed to CliftonLarsonAllen LLP ("CLA"). Following an exchange of letters on October 22, 2021, and October 29 concerning the dispute, the parties met and conferred by telephone on November 3 for approximately twenty (20) minutes. During the telephone conversation with counsel for PHI, John Power, the undersigned suggested providing the Court with each of the nine documents for which PHI is asserting a privilege claim for *in camera* review. Mr. Power indicated that he would review the privilege claims and the documents and revert back.

In the interim, on November 17, 2021, in 21-cv-07920 (PMH), a related case brought by Nicole against Douglas Products and Packaging Company LLC ("Douglas"), Douglas sent a letter indicating that it would be moving for summary judgment and provided a Local Civil Rule 56.1 Statement of Facts (a "Statement of Facts"). Following letters to the Court concerning Douglas' time to answer the complaint in that action, Douglas identified that its November 17

Hon. Philip M. Halpern, U.S.D.J.
November 30, 2021
Page 2

correspondence to Nicole began the time in which Nicole was to respond to Douglas' Statement of Facts under Your Honor's Individual Rules of Practice. Thereafter, on November 19, PHI sent a letter indicating that it would be moving for summary judgment in this action and provided PHI's Statement of Facts. It appears that the timing of these letters and the initiation of Nicole's time to respond to the Statements of Facts was designed to prevent Nicole from having this discovery dispute addressed before Nicole must respond.

On November 22, after nearly three weeks without hearing back from Mr. Power, we provided Mr. Power with draft correspondence for a joint letter to Your Honor in accordance with Rule 4(D) of Your Honor's Individual Rules of Practice to address the discovery dispute prior to the time that Nicole is to respond to the Statements of Facts. On November 23, Mr. Power indicated that the undersigned provided no compromise as to the dispute and that he was in a mediation and would not be able to respond to the proposed joint letter before the end of this week. The undersigned again advised Mr. Power that we previously offered to have the documents submitted for *in camera* review and that delaying the submission of the dispute to the Court to the end of this week was not acceptable given the relevance of the documents to Douglas' and PHI's imminent, proposed motions for summary judgment. As of the date of this letter, we have received no further communication from Mr. Power. Accordingly, as the parties remain at an impasse, Nicole respectfully requests that the Court hold a conference to address this dispute.

By way of background, in August 2021, Nicole caused the Subpoena to be served upon CLA, an accounting firm which performed work on Growth Products' financials, including related to a purported audit of 2018 financials. Schedule A to the Subpoena contained eight document requests, all of which related to the required First Earn-out Calculation under the

Hon. Philip M. Halpern, U.S.D.J.
November 30, 2021
Page 3

Equity Purchase Agreement between, among others, Nicole and PHI, and which is at the heart of Nicole's complaints against PHI and Douglas. A copy of the Subpoena is provided with this letter. Through CLA's privilege logs, PHI asserted claims of accountant-client privilege to nine documents, one of which included an additional claim of attorney-client privilege, and caused the documents to be withheld. A copy of CLA's revised privilege log is provided with this letter. Of the nine documents that PHI asserts are privileged, seven are emails which include PHI's principal, Wes Long.

Based upon CLA's revised privilege log, it is submitted that PHI inappropriately withheld documents in its possession, custody, or control, which were responsive to the previously served "Plaintiff/Counter Defendant's First Request for the Production of Documents," dated September 8, 2020 (the "Document Demand"), and without any assertion of privilege or an appropriate log. A copy of the Document Demand is provided with this letter. As a result, PHI waived its assertions of privilege to all nine documents it now claims are privileged. Indeed, the only claims of privilege contained in "Plant Health Intermediate, Inc.'s Responses to Plaintiff/Counter Defendant's First Request for the Production of Documents" ("PHI's Response to the Document Demand") related to the attorney-client privilege asserted in the responses to Document Request Nos. 75-77, 82, and 98, none of which are at issue here. A copy of PHI's Response to the Document Demand is provided with this letter.

Without being able to review the withheld documents and based solely upon CLA's revised privilege log, it appears that each of the withheld documents concern the Equity Purchase Agreement, including calculations and financial information related to the required earn-out payments and calculations. At a minimum, such documents and communications should have been produced or an applicable privilege asserted in response to Document Request Nos. 2, 12-

Hon. Philip M. Halpern, U.S.D.J.
November 30, 2021
Page 4

13, 16, and 95 in the Document Demand. PHI did not do so. Instead, through the parties' respective letters and meet and confer, PHI contends that it did not need to assert a privilege because PHI objected to each of five above-mentioned Document Requests and such requests did not implicate its current assertions of privilege contained in the CLA revised privilege log.

Turning to PHI's Response to the Document Demand, PHI objected to Document Request Nos. 2 and 95 on the basis that said Document Requests were overbroad and unduly burdensome in time and scope. PHI nevertheless indicated that it would be producing some documents or communications in response. No privilege was asserted in response to either of these Document Requests. In response to Document Request No. 12, PHI asserted that it could not discern what documents were sought and that it would be producing "documents it understands to include documents that were sent to Brenner that pertain to the First Earn-Out Payment." PHI incorporated that response into its response to Document Request Nos. 13 and 16, added that Document Request Nos. 13 and 16 was subsumed by prior requests, and, as to Document Request No. 16, stated that it would not produce "documents that do not pertain to the First Earn-Out." Again, no privilege was asserted in response to these Document Requests. Given that each of Document Request Nos. 12-13 and 16 concerned the First Earn-Out, the Earn-out Calculation Statement for the First Calculation Period, and relevant financial documents concerning the same, and such terms are defined in the parties' agreement, coupled with the fact that PHI appeared to understand which documents did not "pertain to the First Earn-Out," it is entirely disingenuous to claim that the documents identified in CLA's revised privilege log were not responsive. As no privilege was previously asserted in response to the Document Requests, PHI does not get a second bite at the apple and such assertions are waived.

Hon. Philip M. Halpern, U.S.D.J.
November 30, 2021
Page 5

Finally, although PHI claims that Missouri law applies and provides for an accountant-client privilege, which Nicole does not concede, the privilege is not unlimited in scope and does not appear to cover communications and financials related to Growth Products or the earn-out. If the privilege covers anything at all, it would be communications and financials related to PHI. As such, we respectfully submit that each of the nine documents should be produced to Nicole.

We thank Your Honor for your time and consideration.

> Respectfully,
>
> *Fred D. Weinstein*
>
> Fred D. Weinstein

cc: John Power, Esq. (via CM/ECF)
      Joseph P. Wodarski, Esq. (via CM/ECF)