**KURZMAN E**

One North Broadway, 12ᵀᴴ Floor
White Plains, New York 10601
Tel: (914) 285-9800
Fax: (914) 285-9855

Via CM/ECF

Honorable Philip M. Halpern,
The Hon. Charles L. Brieant J
Federal Building and United S
300 Quarropas St.
White Plains, NY 10601-4150

The Court shall hold a conference on March 10, 2022 at 3:00 p.m.
to address the issues raised herein.

The Clerk of the Court is respectfully directed to terminate the
motion sequence pending at Doc. 105.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
December 8, 2021

Re:     Discovery in Campbell v. Plant Health Intermediate, Inc.
        Case No.: 19-cv-03017 (PMH)

Dear Judge Halpern:

We represent Plaintiff/Counter Defendant Nicole Campbell ("Nicole"). We write with counsel for Plant Health Intermediate, Inc. ("PHI") to address a discovery dispute concerning PHI's assertions of privilege made in response to a subpoena (the "Subpoena") directed to CliftonLarsonAllen LLP ("CLA"). Following an exchange of letters on October 22, 2021, and October 29, the parties met and conferred by telephone on November 3 for approximately twenty (20) minutes. Nicole offered to have each of the nine documents for which PHI asserted a privilege claim to be submitted to the Court for *in camera review*. PHI indicated that it would review the privilege claims and documents and revert back. PHI has since produced one of the nine documents. The parties remain at an impasse over the remaining eight documents and respectfully request that the Court hold a conference to address this dispute.

Nicole's position:  In August 2021, Nicole caused the Subpoena to be served upon CLA, an accounting firm which performed work on Growth Products' financials, including related to a purported audit of 2018 financials. Schedule A to the Subpoena contained eight document requests, all of which related to the required First Earn-out Calculation under the Equity Purchase Agreement between, among others, Nicole and PHI, and which is at the heart of

Hon. Philip M. Halpern, U.S.D.J.
December 7, 2021
Page 2

Nicole's pleading in this action and the action against Douglas Products and Packaging Company LLC ("Douglas"). A copy of the Subpoena is provided with this letter. Through CLA's privilege logs, PHI asserted claims of accountant-client privilege to nine documents, one of which included an additional claim of attorney-client privilege, and caused the documents to be withheld. A copy of CLA's revised privilege log is provided with this letter. Six of the remaining eight documents at issue are emails which include PHI's and Douglas' principal, Wes Long.

Based upon CLA's revised privilege log, it is submitted that PHI inappropriately withheld documents in its possession, custody, or control, which were responsive to the previously served "Plaintiff/Counter Defendant's First Request for the Production of Documents", dated September 8, 2020 (the "Document Demand"), and without any assertion of privilege or an appropriate log. A copy of the Document Demand is provided with this letter. As a result, PHI waived its assertions of privilege to all nine documents it now claims are privileged. Indeed, the only claims of privilege contained in "Plant Health Intermediate, Inc.'s Responses to Plaintiff/Counter Defendant's First Request for the Production of Documents" ("PHI's Response to the Document Demand") related to the attorney-client privilege asserted in the responses to Document Request Nos. 75-77, 82, and 98, none of which are at issue here. A copy of PHI's Response to the Document Demand is provided with this letter.

Without being able to review the withheld documents and based solely upon CLA's revised privilege log, it appears that each of the withheld documents concern the Equity Purchase Agreement, including calculations and financial information related to the required earn-out payments and calculations. At a minimum, such documents and communications should have been produced or an applicable privilege asserted in response to Document Request Nos. 2, 12-

Hon. Philip M. Halpern, U.S.D.J.
December 7, 2021
Page 3

13, 16, and 95 in the Document Demand. PHI did not do so. Instead, through the parties' respective letters and meet and confer, PHI contends that it did not need to assert a privilege because PHI objected to each of five above-mentioned Document Requests and such requests did not implicate its current assertions of privilege contained in the CLA revised privilege log.

Turning to PHI's Response to the Document Demand, PHI objected to Document Request Nos. 2 and 95 on the basis that said Document Requests were overbroad and unduly burdensome in time and scope. PHI nevertheless indicated that it would be producing some documents or communications in response. No privilege was asserted in response to either of these Document Requests. In response to Document Request No. 12, PHI asserted that it could not discern what documents were sought and that it would be producing "documents it understands to include documents that were sent to Brenner that pertain to the First Earn-Out Payment." PHI incorporated that response into its response to Document Request Nos. 13 and 16, added that Document Request Nos. 13 and 16 was subsumed by prior requests, and, as to Document Request No. 16, stated that it would not produce "documents that do not pertain to the First Earn-Out." Again, no privilege was asserted in response to these Document Requests. Given that each of Document Request Nos. 12-13 and 16 concerned the First Earn-Out, the Earn-out Calculation Statement for the First Calculation Period, and relevant financial documents concerning the same, and such terms are defined in the parties' agreement, coupled with the fact that PHI appeared to understand which documents did not "pertain to the First Earn-Out," it is entirely disingenuous to claim that the documents identified in CLA's revised privilege log were not responsive. As no privilege was previously asserted in response to the Document Requests, PHI does not get a second bite at the apple and such assertions are waived.

Hon. Philip M. Halpern, U.S.D.J.
December 7, 2021
Page 4

Finally, although PHI claims that Missouri law applies and provides for an accountant-client privilege, which Nicole does not concede, the privilege is not unlimited in scope and does not appear to cover communications and financials related to Growth Products or the earn-out. If the privilege covers anything at all, it would be communications and financials related to PHI. As such, we respectfully submit that each of the remaining eight documents should be produced to Nicole.

PHI's position: Approximately fourteen (14) months ago, PHI served on Campbell's counsel PHI's Responses to Campbell's First Request for Production of Documents. Over the intervening 425 days, Campbell has not raised a single issue, concern or even question about PHI's responses to the document request. Even now, Campbell does not contest or argue that PHI's responses are improper or not adequate under the Rules. Rather, plaintiff argues that, given PHI's responses, the documents PHI produced should have included the documents at question in plaintiff's letter motion. [1]  PHI's responses do not waive, or even implicate, the accountant/client privilege.

In Request No. 2, plaintiff sought all documents and communications concerning the Equity Purchase Agreement. In response, PHI stated that the request was overbroad and unduly burdensome in that it was unlimited in time and scope. PHI agreed to produce communications *between the parties*, including PHI's parent company, that pertained to or referenced the purchase agreement. Nothing about PHI's response refers to or, in any way, suggests

---

[1] As an initial matter, plaintiff's contention that the issue before the court pertains to eight documents is incorrect. The issue before this court pertains to seven documents. Plaintiff finally acknowledges that there are not nine documents at issue because after the parties had their initial conversation, PHI re-reviewed the nine documents and ascertained that  one of the documents in question (Doc #4 on the log) should be produced.   PHI determined that PHI had provided plaintiff's accountant with the document in a different format in 2019 when the parties were discussing the earn-out process.  PHI further notified plaintiff's counsel that the second document (Doc #9) was re-reviewed and PHI identified the document to be non-responsive to the requests in question.

Hon. Philip M. Halpern, U.S.D.J.
December 7, 2021
Page 5

communications that PHI had with its accountants.  The only logical and sensible reading of PHI's response was that it would produce documents of the discussions between the parties regarding the purchase agreement.  None of the documents listed on the privilege log refer to discussions between the parties.

In Request No. 95, plaintiff requested all documents and communications concerning the financial performance of Growth Products.  Again, PHI stated that the request was overbroad and unduly burdensome because the request was unlimited in time or scope and, because the phrase "financial performance" was vague in that it had many and varied meanings.  PHI then limited the request by agreeing to produce those documents that pertain to Growth Products losses in 2019 and 2020.  Plaintiff does not provide any argument how Growth Products losses in 2019 and 2020 are at issue in the present suit, but, in any event, the documents at issue in the present letter motion (as set forth in the privilege log) do not pertain to Growth Products losses in 2019 or 2020.

Plaintiff also sought documents and communications concerning the First Earn-Out Payments (a defined term), including documents and communications sent to or from Brenner.[2] (Request No. 12).  PHI responded that it was uncertain as to what the plaintiff was seeking in Request 12 but that it would produce those documents that were sent to Brenner that pertained to the First Earn-Out Payment (which is a specific item that plaintiff requested).  PHI is not claiming a privilege on any documents that were provided to Brenner.  In fact, PHI recently produced to plaintiff a document that was designated confidential because PHI now understands

---

[2] William Brenner is an accountant with Citron Cooperman.  Before the sale of Growth Products, Brenner was plaintiff's and Growth Products' accountant.  Brenner continues to this day to serve as the accountant for plaintiff and her businesses.

Hon. Philip M. Halpern, U.S.D.J.
December 7, 2021
Page 6

that the document was previously provided to Brenner. The remaining seven documents on the log do not implicate communications to or from Brenner.

Regarding Requests 13 and 16, PHI again stated that it could not discern between what plaintiff was seeking in Requests 12, 13 and 16 and that, at a minimum the Requests 13 and 16 were subsumed into Request 12. PHI agreed to produce the documents that were sent to Brenner that pertained to the First Earn-Out Payment. As with all ninety-eight (98) of PHI's responses, plaintiff did not contest, inquire, or contact PHI about its responses to Requests 13 and 16 or what the Requests meant. PHI's response to 13 and 16 does not include communications with anyone other than communications with Brenner. Consequently, PHI's response does not create a waiver of the privilege. Moreover, the documents on the privilege log do not include communications with Brenner.

Plaintiff registers two other complaints to the Court. Plaintiff first laments that it should be able to review the documents in question before it serves this correspondence. Plaintiff's mutterings are silly. If plaintiff could review the documents in question, the privilege would be lost. *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp3d 585, 601(S.D.N.Y. 2015)(With regard to the adequacy of a privilege log, the court denied plaintiff's request for more detail because "[t]o require more information would be to put the defendant in the contradictory position of having to risk its privilege in order to preserve it."). Plaintiff next questions the extent to which the privilege applies to the documents in question. Plaintiff asserts, without any rationale or supporting case law, law review article, etc., that the privilege applies only to communications and financials related to PHI. With such miniscule information and reasoning it is difficult for PHI to formulate a thoughtful response. At a minimum, the privilege extends to all instances in which the context of the communications is one in which the accountant is providing or will

Hon. Philip M. Halpern, U.S.D.J.
December 7, 2021
Page 7

provide accounting advice to the client. The accounting information and advice is the milieu in which all the documents take place.

PHI also notes that plaintiff's claim that this action is against Douglas Products and Packaging is completely erroneous. The only defendant in this proceeding is PHI. Plaintiff's attempt to infer that there are other parties to this proceeding other than PHI is without basis. Plaintiff's right to add parties to Case No. 19-CV-03017 has long since passed.

We thank Your Honor for your time and consideration.

Respectfully,

Fred D. Weinstein

cc:     John Power, Esq. (via CM/ECF)
        Joseph P. Wodarski, Esq. (via CM/ECF)