UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLANT HEALTH INTERMEDIATE, INC.,

                Plaintiff,

-against-

RUPERT CAMPBELL, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

19-CV-03017 (PMH)

[rel. 20-CV-07249 (PMH)]

---

PHILIP M. HALPERN, United States District Judge:

    Plant Health Intermediate, Inc. ("Plaintiff") brings this action against Rupert Campbell ("R. Campbell") and Clare Reinbergen ("Reinbergen," and together with R. Campbell, "Defendants") for alleged misrepresentations and omissions made in connection with an Equity Purchase Agreement dated October 19, 2018. Plaintiff also alleges that R. Campbell failed to make sublease payments to Plaintiff under a master lease agreement that was assumed by Plaintiff by operation of the Equity Purchase Agreement. Plaintiff asserts five claims for relief: (1) breach of contract; (2) set-off and recoupment; (3) money had and received; (4) unjust enrichment; and (5) attorney's fees. The first, second, and fifth claims for relief are asserted against both Defendants; the third and fourth claims for relief are asserted against R. Campbell, only.

    Plaintiff filed its initial Complaint on September 4, 2020, and its Amended Complaint—the operative pleading here—on October 5, 2020. (Doc. 1; Doc. 11, "AC").[1] The motion papers were filed on March 24, 2021. (Doc. 81; Doc. 82, "Weinstein Decl."; Doc. 83, "Defs. Br."; Doc. 85, "Pl. Opp."; Docs. 84 and 86, "Wodarski Decl.";[2] Doc. 87, "Defs. Reply").

---

[1] The Complaint and Amended Complaint are docketed in Case No. 20-CV-07249. All other documents referenced and cited to herein are docketed in Case No. 19-CV-03017.

[2] Plaintiff filed two copies of the Declaration of Joseph P. Wodarski. (Docs. 84, 86). Both declarations annex a copy of the Equity Purchase Agreement as Exhibit A.

The Court assumes the parties' familiarity with the relevant facts as already set forth in the Court's June 12, 2020 Opinion and Order (Doc. 67), as well as the procedural history of this case. For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

I.  Breach of Contract

On October 19, 2018, the parties entered into an Equity Purchase Agreement. (AC ¶ 21; Weinstein Decl., Ex. E; Wodarski Decl., Ex. A). That agreement included certain representations, covenants, and warranties about Defendants' business operations. (*Id*. ¶¶ 22-42, 93). The gist of Plaintiff's breach of contract claim is that Defendants made material misrepresentations and omissions regarding their business operations, thereby breaching certain representations, covenants, and warranties contained in the Equity Purchase Agreement. (*Id*. ¶¶ 93-115).

Section 8.13 of the Equity Purchase Agreement sets forth the dispute resolution procedures with respect to Plaintiff's claim that Defendants are in breach of certain representations, covenants, and warranties under the Equity Purchase Agreement. Specifically, Section 8.13 states:

> **Section 8.13  Sole Remedy**. The Parties acknowledge and agree that their sole and exclusive remedy with respect to any and all claims for any breach of any representation, warranty, covenant, agreement or obligation set forth herein or otherwise relating to the subject matter of this Agreement, shall be pursuant to the indemnification provisions set forth in this ARTICLE VIII. In furtherance of the foregoing, each Party hereby waives, to the fullest extent permitted under Law, any and all rights, claims and causes of action for any breach of any representation, warranty, covenant, agreement or obligation set forth herein or otherwise relating to the subject matter of this Agreement it may have against the other Party hereto and its Affiliates and its and their respective Representatives arising under or based upon any applicable laws, except pursuant to the indemnification provisions set forth in this ARTICLE VIII. Notwithstanding the foregoing, this Section 8.13 shall not limit any Party's right to seek and obtain any equitable relief to which such Party shall be entitled or to seek any remedy related to fraud.

(Weinstein Decl., Ex. E at 37). Crucially, Section 8.13 states that claims of this sort "shall be pursuant to the indemnification provisions set forth in" Article VIII of the Equity Purchase

Agreement. (*Id*.). Section 8.03 of the Equity Purchase Agreement governs indemnification procedures and states:

> <u>Claims Between the Parties and their Affiliates</u>. With respect to any indemnification claim hereunder that is not for a Third-Party Claim, the Indemnified Party shall give promptly to the Indemnifying Party a written notice describing the basis on which such claim is being made, the material facts giving rise to such claim, and the amount (if determinable or reasonably estimable) of the liability asserted. The failure of any Indemnified Party to give such notice promptly as required by this Section 8.03(b) shall not affect such Indemnified Party's rights under this Article VIII except to the extent such failure is actually prejudicial to the rights and obligations of the Indemnifying Party.

(*Id*. at 34). Therefore, a party asserting breach of a representation, covenant, or warranty under the Equity Purchase Agreement must "promptly" provide "a written notice describing the basis on which such claim is being made, the material facts giving rise to such claim, and the amount . . . of liability asserted." (*Id*.).

Defendants, in moving to dismiss Plaintiff's breach of contract claim, argue that Plaintiff "failed to comply" with Section 8.03's written notice requirement and the corresponding notice requirement contained in a separate Escrow Agreement.[3] (Defs. Br. at 15). But a more-than-cursory glance at Section 8.13's plain language reveals that failure to provide prompt written notice

---

[3] In addition to the Equity Purchase Agreement, the parties entered into an Escrow Agreement dated October 19, 2018. (Weinstein Decl., Ex. F). Similar to Section 8.13 of the Equity Purchase Agreement, Section 5(a)(ii) of the Escrow Agreement states:

> If Purchaser elects to assert a claim for indemnity on behalf of itself or another Purchaser indemnified party as contemplated by the Purchase Agreement (an "Indemnity Claim"), it must deliver written notice of such claim (a "Claim Notice") to Escrow Agent and Shareholders Representative prior to the expiration of the Escrow Period.

(*Id*. at 3).

is not fatal to a claim "except to the extent such failure is *actually prejudicial*" to the party against whom the claim is being asserted. (Weinstein Decl., Ex. E at 34 (emphasis added)).

Here, Plaintiff does not allege that it complied with the written notice requirement under either the Equity Purchase Agreement or the Escrow Agreement. Defendants, seizing on this, argue that Plaintiff's failure to comply with that condition precedent bars Plaintiff from asserting a claim under Section 8.03 of the Equity Purchase Agreement. (Defs. Br. at 16-17). What Defendants conveniently ignore in their argument, however, is that notwithstanding the condition precedent of a written notice, Section 8.03 makes clear that a party's failure to comply with that condition does not preclude a claim *unless* such failure was "actually prejudicial." (Weinstein Decl., Ex. E at 34). Defendants do not argue that such failure prejudiced them, and even if they made that argument, the Court could not resolve that issue at the motion to dismiss stage. *See Tyrrell v. Seaford Union Free Sch. Dist.*, No. 08-CV-04811, 2010 WL 1198055, at *3 (E.D.N.Y. Mar. 25, 2010) ("[T]he question of whether defendants were prejudiced by the defective notice of claim is a factual question which cannot be determined on the face of the pleadings."); *see also Mount Vernon Fire Ins. Co. v. J.J.C. Stucco & Carpentry Corp.*, No. 95-CV-05202, 1997 WL 177864, at *4 (E.D.N.Y. Apr. 3, 1997) ("[T]he question of prejudice often raises an issue of fact . . . ."). Therefore, Defendants' argument that Plaintiff's breach of contract claim should be dismissed for failure to comply with the written notice requirement does not carry the day.

Defendants' motion to dismiss Plaintiff's breach of contract claim is, consequently, denied.

II. <u>Claims for Relief against R. Campbell</u>

In addition to Plaintiff's allegations that Defendants breached certain representations, covenants, and warranties contained in the Equity Purchase Agreement, Plaintiff also alleges that R. Campbell breached the terms of a master lease agreement that Plaintiff assumed under the

5

Equity Purchase Agreement. (AC ¶¶ 84-88, 124-29). Specifically, Plaintiff alleges that, under the master lease agreement, R. Campbell was obligated (but failed) to tender payments from unidentified subtenants to Plaintiff. (*Id*. ¶¶ 87-88, 128). As a result of this alleged conduct, Plaintiff asserts two related claims for: (1) money had and received; and (2) unjust enrichment, solely against R. Campbell. (*Id*. ¶¶ 116-129).

First, Defendants argue that Plaintiff's claim for money had and received arises out of or relates to the Equity Purchase Agreement and is, therefore, governed by Delaware law. (Defs. Br. at 20; Defs. Reply at 9). Accordingly, Defendants argue that the claim should be dismissed because Delaware law does not recognize a claim for money had and received. (Defs. Br. at 20 (citing *Deloitte (Cayman) Corp. Recovery Servs., Ltd. v. Sandalwood Debt Fund A, LP*, 31 Misc. 3d 1225(A), at *9 (N.Y. Sup. Ct. 2011)). While Delaware law governs the Equity Purchase Agreement, the Court cannot conclude, based on the parties' presentation—or lack thereof—that the master lease agreement is also governed by Delaware law. Indeed, neither party provided a copy of the master lease agreement to the Court in connection with the motion.

Second, Defendants argue that Plaintiff's unjust enrichment claim should be dismissed as duplicative of Plaintiff's claim for money had and received. (Defs. Br. at 21). But because the Court is unable to resolve Plaintiff's claim for money had a received at this stage, the Court is likewise unable to resolve Plaintiff's claim for unjust enrichment.

In light of the foregoing, Defendants' motion to dismiss Plaintiff's claims for money had and received and unjust enrichment is denied.

III. Plaintiff's Remaining Claims

Lastly, the Court addresses Plaintiff's fourth and fifth claims for relief seeking set-off and recoupment and attorney's fees.

First, Defendants argue that Plaintiff's claim for set-off and recoupment should be dismissed because, "set-off and recoupment are defenses, not affirmative claims." (Defs. Br. at 19). Plaintiff, in its opposition, counters that it is preemptively asserting set-off and recoupment "to avoid any defense by Defendants that [Plaintiff] has waived such rights." (Pl. Opp. at 22). Regardless of Plaintiff's strategy, it is procedurally improper to affirmatively assert a claim for set-off and recoupment, as these are "related but different *defenses*." *Finger Lakes Cap. Partners, LLC v. Honeoye Lake Acquisition, LLC*, 151 A.3d 450, 453 (Del. 2016) (emphasis added).

Second, Plaintiff has properly stated a breach of contract claim for attorney's fees based upon the provisions in the Equity Purchase Agreement authorizing such fees. (Weinstein Decl., Ex. A at 7, 33-34). Albeit unnecessary to separate such a claim from Plaintiff's first claim for relief, the Court finds such claim to be valid.

Accordingly, Defendants' motion to dismiss Plaintiff's fourth claim for relief seeking set-off and recoupment is granted. Conversely, Defendants' motion to dismiss Plaintiff's fifth claim for relief seeking attorney's fees is denied.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS only that portion of Defendants' motion to dismiss Plaintiff's fourth claim for relief seeking set-off and recoupment. The remaining four claims shall proceed into discovery. The parties shall strictly adhere to the deadlines set forth in the Fifth Amended Civil Case Discovery Plan and Scheduling Order. (Doc. 101).

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 81.

|  |  |
|---|---|
| Dated: White Plains, New York<br>February 3, 2022 | **SO ORDERED:**<br><br>_____<br>Philip M. Halpern<br>United States District Judge |